■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA RODRIGUEZ, Appellant. [768 NYS2d 593]—

Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered June 7, 2002, convicting defendant, upon her plea of guilty, of murder in the first degree, and sentencing her to a term of 20 years to life, unanimously affirmed.

Defendant was not entitled to the assignment of new counsel in connection with her motion to withdraw her guilty plea. There was no conflict of interest adversely affecting counsel's representation of defendant (see Cuyler v Sullivan, 446 US 335, 348-350 [1980]). The information provided by counsel essentially reiterated matters already in the record (see People v Burgos, 298 AD2d 190 [2002], lv denied 99 NY2d 580 [2003]), and was not material to the issues raised by defendant in her plea withdrawal application. Furthermore, the court expressly stated that in denying the application it was relying on the plea allocution and on defendant's statements made in support of her application. Accordingly, counsel's statements could not have influenced the court's decision (see e.g. People v Nawabi, 265 AD2d 156 [1999], lv denied 94 NY2d 865 [1999]).

Defendant's application to withdraw her guilty plea was properly denied after a proper inquiry in which defendant was afforded a sufficient opportunity to be heard. The record establishes that defendant's plea was knowing, intelligent and voluntary. Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.